UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A.W., a minor, by and through her parent
natural guardian, and next friend,
LEANNA WAGNER; and,
LEANNA WAGNER, individually,

    Plaintiffs,

v.                                                     CASE NO.: 8:10-cv-2862-T-23MAP

KINDERCARE LEARNING CENTER, INC.,
a foreign profit corporation;
KNOWLEDGE LEARNING CORPORATION,
a foreign profit corporation;
STACY JO DOTY; HEIDI LAPLANT; and
SHARON BAILEY

    Defendants.
_____/

**ORDER**

In one of several similar actions, the plaintiffs allege child abuse and neglect by caregivers employed by, and the owners and operators of, a daycare center. The corporate defendants remove this action and assert that the individual defendants, each a Florida resident, were fraudulently joined because the "[p]laintiffs have not asserted any valid claims against the Defendants' employees, STACY JO DOTY, HEIDI LAPLANT, and SHARON BAILEY, outside of their duties of care and responsibilities related to their positions with KINDERCARE LEARNING CENTERS, INC., and KNOWLEDGE LEARNING CORPORATION and therefore their participation in this matter was specifically designed to avoid diversity jurisdiction and this Court may refuse consider the

their [sic] citizenship for purposes of removal." (Doc. 1) The plaintiffs move to remand and assert that the individual defendants were active tortfeasors. (Doc. 12, Page 4) The defendants concede in their response that the plaintiffs' complaint "sets forth allegations of *respondeat superior*." (Doc. 16, Page 2) Because the plaintiffs' claim derives from the acts and omissions of the individual defendants and because a claim of *respondeat superior* necessarily asserts a claim of actionable conduct by the agent, the defendants' assertion lacks merit.

As stated in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001):

> For removal under 28 U.S.C. § 1441, to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir.1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir.1983), superceded by statute on other grounds as stated in Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir.1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

A district court's job is not to resolve the dispute or even to adjudicate the merits of claims and defenses; the district court's job is merely to ascertain whether the plaintiffs "possibly" allege a legally cognizable claim against an individual defendant. Jones v. Honeywell

- 2 -

Intern., 385 F.Supp.2d 1268, 1271 (M.D. Fla. 2005).  As noted in Pacheco de Perez v. AT & T Company, 139 F.3d 1368, 1380-81 (11th Cir. 1998):

> "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court."  Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989)).  The burden of establishing fraudulent joinder is a heavy one.  Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court. See, Id.; Cabalceta, 883 F.2d at 1562.  The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.  Id.  In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor.  Id.
>
> . . . .
>
> The fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis. In a fraudulent joinder inquiry, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."  Crowe, 113 F.3d at 1538.

In K.S. et al. v. Kindercare et al., 10-cv-2861-RAL-TGW (M.D. Fla. Dec. 20, 2010) (Doc. 15), Judge Lazzara grants the plaintiffs' motion to remand in an action involving almost identical allegations:

> [T]he principal contention of the Corporate Defendants is that Plaintiffs cannot allege valid claims against the Individual

- 3 -

> Defendants separate from their duties and responsibilities related to their employment with the Corporate Defendants. The well-established law of Florida, however, is to the contrary. In <u>Weaver v. Hale</u>, 82 Fla. 88, 91, 89 So. 363, 364 (Fla. 1921), decided almost eighty years ago, the Florida Supreme Court clearly held that "[w]here under the principle of respondeat superior an employer is liable in damages for the negligence of an employee that proximately causes injuries to another, an action for damages may be maintained against both the employer and the employee, whether the employer participated in the negligent injury or not." (Citation omitted). As the Court further explained, "[b]oth [the employer and employee] are liable jointly, because from the relation of master and servant they are identified in the same tortious act resulting in injury." Id. (citation omitted).
>
> So, too, in this case, both the Corporate Defendants and the Individual Defendants, based on their relationship as alleged in the complaint, are jointly liable to Plaintiffs for the same tortious act committed by the Individual Defendants resulting in injury to the Plaintiffs. As a consequence, any motion to dismiss filed by the Individual Defendants in state court (or in this Court following removal) based on a failure to state a claim for relief would have necessarily been denied. It follows, therefore, that because Plaintiffs have stated valid causes of action against the Individual Defendants, there has been no fraudulent joinder of those Defendants and this Court lacks subject matter jurisdiction to proceed any further in this case inasmuch as diversity jurisdiction is wholly lacking.

The plaintiffs' complaint alleges a legally cognizable claim.

The defendants assert that in another action based on "identical allegations of negligence against the defendants," <u>R.E. et al. v. Kindercare, et al., Pinellas Cty. Ct. Case No. 522007CA012915XXCICI</u>, the plaintiffs voluntarily dismissed the individual defendants and that by force of the antecedent dismissal the plaintiffs "demonstrated that they have no intention of proceeding to trial against said employees or attempting to assert that the employees were negligent in an individual manner." (Doc. 16, Page 10)

Although the defendants' brief omits a statement of the reason for the voluntary dismissal, the fact of an earlier voluntary dismissal in another action fails to justify a finding of "fraudulent joinder."

The plaintiffs' motion (Doc. 12) is **GRANTED** and the action is **REMANDED**. The Clerk is directed to (1) remand this action to the circuit court of Pinellas County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on January 7, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE